In the Matter of the Claim of LUCY F. CAPRA, Respondent, against GENERAL ELECTRIC COMPANY, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision of the Workmen's Compensation Board which disallowed the employer's claim for reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. On June 25, 1952 the employer's plant physician reported to the employer that claimant was suffering from contact dermatitis of the hands and should be given work free from contact with glass insulation material. On October 29, 1952 claimant sustained a back injury resulting in permanent partial disability. On October 27, 1954 the employer made claim for reimbursement, designating as the previous physical impairment prerequisite to reimbursement: " Skin sensitivity — limiting work assignments ". Such impairment was alleged to have been incurred on June 11, 1952. The board disallowed the claim for reimbursement upon a finding that the claimant had no pre-existing permanent disability. The finding was justified. In this record, the report of June 25, 1952 was the only contemporary evidence of the skin condition. The report contains no intimation of a permanent impairment and thus fails to evidence, as of that time at least, two of the essential conditions of subdivision 8 of section 15 liability — the permanency of the impairment and the employer's knowledge of such permanency while continuing claimant in its employ. The only additional evidence consists of a report of the same physician made September 10, 1957, nearly five years after the back injury, and his testimony given July 2, 1958. He testified that he last treated claimant on June 11, 1952; that he last saw her on July 1, 1952, " at which time her skin had cleared up and she was discharged "; that he did not know whether claimant was " still sensitive "; that he had no basis to assume a " permanent skin condition " as of the date he was testifying; and, finally and most important, that in the absence of an up-to-date test he could not with reasonable medical certainty say whether or not claimant had a " permanent sensitivity ". On these statements the board was warranted in rejecting such of the doctor's reports and testimony as indicated a prior permanent physical impairment known to the employer within the June 11, 1952 — October 29, 1952 period. Decision unanimously affirmed, with costs to respondent Special Fund. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.